IMG-024                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1589
_____

ONEITA CHRISTINE LEWIS-THOMPSON;
CLIVE ANTHONY THOMPSON;
A.E.T.; S.J.T.; C.A.T.,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A98 776 195, A98 776 196, A98 776 197,
A98 776 198, A98 776 199)
Immigration Judge:  Honorable Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 19, 2012

Before:  RENDELL, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: January 11, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

Oneita and Clive Lewis-Thompson and three of their children petition for review

of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the

Immigration Judge ("IJ") denying them relief from removal from the United States. For the reasons that follow, we will deny the petition for review.

Oneita and Clive Lewis-Thompson are natives and citizens of Jamaica. Oneita Lewis-Thompson was admitted to the United States in 2004 as a visitor. Clive Lewis-Thompson and the couple's three minor Jamaican children were admitted as visitors on a later date in 2004. The Lewis-Thompsons also have two children who are United States citizens. Oneita Lewis-Thompson applied for asylum, withholding of removal, and relief under the Convention Against Torture. Clive Lewis-Thompson and the Jamaican children are derivative beneficiaries of the requests for relief.

Notices to appear were issued charging that Oneita and Clive Lewis-Thompson and their three Jamaican children are removable for remaining in the United States longer than permitted. Through counsel, the family members conceded that they are removable as charged. In support of her applications for relief, Oneita Lewis-Thompson testified that she did not return to Jamaica in 2004 because gang members had threatened to kill her family. She stated that the men wanted her husband to join their gang and that, when he refused, the men threatened to burn their farm and kill the family. The men did not demand money from her husband, but she believes they were interested in him because the family could give them money and their car. She stated that the family leased twenty-four acres of land from the Jamaican government and made a very good living farming.

Oneita Lewis-Thompson also testified that her husband went to the police after the recruitment attempt, but she did not go because she feared that the police belonged to the

2

gang and that the gang would find out and kill her. Three days after the men threatened her husband, the family's farmhouse, which stored fertilizer and other chemicals, burned down. The surrounding property was also burned, but no one saw gang members on the property. Oneita Lewis-Thompson testified that she did not report the fire to the police because she did not believe anything would be done and because the gang would find out that she filed a report.

Oneita Lewis-Thompson testified that after the fire she and her family went to live at her mother's house, which is about an hour away from the family's home. She did not believe the gang members knew her mother, but she stayed inside at all times and lived there for two months without incident. She testified that the gang would know if she and her family were to return to Jamaica and that she did not return for her mother-in-law's funeral because she was afraid she would be killed.

Clive Lewis-Thompson also testified. He explained that he had gone to the farm to check on the water supply and saw that members of the Klans gang had blocked the canal. The men were taking water that he had paid for and needed for the farm. He confronted the men, who told him that they needed the water and that he could either join them or they would kill him and his family. Clive Lewis-Thompson believes the gang wanted him to join them because of his role in the community and because he had money and a car. He refused to join and the men stated they would have to kill him and burn his farm. Clive Lewis-Thompson testified that he went to the police, who went with him to the property but the men had already left. He initially stated that the fire was a result of

3

his police complaint but later stated that may not have been the case. Clive Lewis-Thompson also testified about police corruption, explaining that the gangs paid the police so that the police would ignore certain illegal activities.

The IJ denied the applications for relief from removal. The IJ found Oneita Lewis-Thompson not credible and stated that she had failed to provide corroborating evidence supporting her claim. The IJ also found that, even if credible, Oneita Lewis-Thompson did not suffer harm that rose to the level of persecution or show that she was harmed on account of her membership in a particular social group or another statutorily-protected ground. The IJ stated that she and her husband appeared to be victims of general criminal activity. The IJ also ruled that Oneita Lewis-Thompson did not establish a well-founded fear of future persecution, noting, among other things, her ability to live with her mother.[1]

On appeal, the BIA did not uphold the IJ's adverse credibility finding, but agreed with the IJ that Oneita Lewis-Thompson had failed to submit corroborating evidence necessary to establish past persecution or a well-founded fear of persecution on account of a protected statutory ground. The BIA also rejected Oneita Lewis-Thompson's contention that she was persecuted on account of her membership in a particular social group of wealthy landowners in Jamaica. The BIA explained that she had not shown that land ownership is so fundamental to her identity so as to constitute an immutable

---

[1] The IJ also denied CAT relief. The BIA upheld this ruling and Petitioners do not challenge it in their petition for review.

characteristic that she should not be expected to change. Even assuming that wealthy landowners in Jamaica constitute a particular social group, the BIA concluded Oneita Lewis-Thompson had not shown that the incidents that had occurred were a result of her membership in that group.

The BIA also decided that Oneita Lewis-Thompson had not established her membership in a particular social group based on her husband's experience with gang members. The BIA noted that she did not show that the single recruitment attempt was any different from contact that any other person had with the gang and agreed with the IJ that she appeared to be a victim of general criminal activity. In addition, the BIA stated that Clive Lewis-Thompson admitted that he did not know how the fire had started.

The BIA also found that Oneita Lewis-Thompson had not established a well-founded fear of persecution. The BIA stated that, at the time of the hearing, four years had passed since she left Jamaica, that her mother still lives in her home, and that her mother had experienced no harm. The BIA found no support for Oneita Lewis-Thompson's statement that the police work with the gangs or are unwilling or unable to help them. The BIA noted that her husband testified that the police responded to his report and drove to the farmhouse with him. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the agency's factual findings for substantial evidence. Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). Under this standard, we will reverse such findings only if a reasonable adjudicator would be "compelled to conclude otherwise." Id. (quoting 8 U.S.C.

5

§ 1252(b)(4)(B)).

An alien seeking the discretionary relief of asylum must show that he is a "refugee," which is defined by statute as one who is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). An alien seeking withholding of removal, a non-discretionary form of relief, must meet a higher burden and show that it is more likely than not that he would suffer persecution on account of one of the protected grounds. See Valdiviezo-Galdamez v. Att'y Gen., 663 F.3d 582, 591 (3d Cir. 2011).

The Lewis-Thompsons assert in their brief that Oneita Lewis-Thompson and her husband are members of a particular social group of "well-off landowners from Jamaica who are also community activists" and that they suffered harm as a result of that status. Pet'rs' Br. at 6. We need not decide whether well-off Jamaican landowners and community activists constitute a particular social group for purposes of asylum and withholding of removal because, even if they do, the Lewis-Thompsons point to no evidence compelling the conclusion that they were harmed on account of their membership in such a group. The record reflects that gang members threatened Clive-Lewis Thompson with harm after he discovered them taking water from his property, confronted them, and refused to join their gang. The record does not reflect that the gang targeted well-off landowners or community activists. Substantial evidence thus supports the BIA's conclusion that the Lewis-Thompsons were not harmed on account of their

membership in a particular social group, but were victims of general criminal activity.

The Lewis-Thompsons also argue that a remand is warranted because the BIA erroneously focused on "social visibility" in determining whether they were persecuted on account of their membership in a particular social group. The BIA considered "social visibility" in an initial decision issued in June 2011, but then vacated that decision on its own motion. In a decision issued February 13, 2012, the BIA recognized our decision in Valdiviezo-Galdamez, 663 F.3d at 608, which rejected "social visibility" and "particularity" as proper factors for determining whether a group constitutes a "particular social group." The BIA did not consider these factors and a remand is not warranted.

The Lewis-Thompsons' additional arguments are not entirely clear. To the extent they contend that they were persecuted on account of their Christian religious beliefs, there is no evidence supporting this contention. To the extent they contend that they have a well-founded fear of persecution because the police will not protect them, as noted by the BIA, the police responded to Clive Lewis-Thompson's complaint. Finally, to the extent they challenge the IJ's adverse credibility determination, that determination was not upheld by the BIA. Because the Lewis-Thompsons' arguments lack merit, we need not address the Government's argument in its brief that the harm they suffered did not rise to the level of persecution.

Accordingly, we will deny the petition for review.[2]

_____

[2]The Lewis-Thompsons' motion to remand this matter is denied.

7